EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 06/22/2022 10:56:42 AM.
30-2022-01266224-CU-NP-NJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CMRE FINANCIAL SERVICES, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARK PROBASCO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>~~Central Justice Center~~<br>~~700 Civic Center Dr. West~~ | Orange County Superior Court ~~Orange~~<br>North Justice Center<br>1275 North Berkeley Avenue<br>Fullerton, CA 92832 | **CASE NUMBER:** *(Número del Caso):*<br>30-2022-01266224-CU-NP-NJC<br><br>Judge Donald F. Gaffney |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Pamela E. Prescott, Esq.; David J. McGlothlin, Esq.; Kazerouni Law Group, APC, 245 Fischer Ave., Suite D1, Costa Mesa 92626
Telephone: (800) 400-6808

| DATE:<br>*(Fecha)* 06/22/2022 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* *Katie Trent* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).* Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **CMRE Financial Services, Inc.**

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6/27/22

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 06/22/2022 10:56:42 AM.
30-2022-01266224-CU-NP-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1  **KAZEROUNI LAW GROUP, APC**
2  David McGlothlin, Esq. (253265)
   david@kazlg.com
3  Pamela E. Prescott, Esq. (328243)
   pamela@kazlg.com
4  245 Fischer Ave, Unit D1
5  Costa Mesa, CA 92626
   Telephone: (800) 400-6808
6  Facsimile: (800) 520-5523

7

8              **SUPERIOR COURT OF CALIFORNIA**
9          **COUNTY OF ORANGE– UNLIMITED CIVIL**

10  **MARK PROBASCO,**                    **Case No.:** 30-2022-01266224-CU-NP-NJC

11              Plaintiff,                **COMPLAINT FOR DAMAGES AND**
12                                        **INJUNCTIVE RELIEF FOR**
        v.                                **VIOLATIONS OF:**
13
    **CMRE FINANCIAL SERVICES,**
14  **INC.**                              **1. THE TELEPHONE CONSUMER**
15                                        **PROTECTION ACT, 47 U.S.C. §**
            Defendant.                    **227,** *ET SEQ.*
16
17                                        **2. THE FAIR DEBT COLLECTION**
18                                        **PRACTICES ACT, 15 U.S.C. §**
                                          **1692,** *ET SEQ.***; AND,**
19
20                                        **3. THE ROSENTHAL FAIR DEBT**
                                          **COLLECTION PRACTICES ACT,**
21                                        **CAL. CIV. CODE § 1788,** *ET SEQ.*

22                                        **JURY TRIAL DEMANDED**

23
24                                        **Assigned for All Purposes**
                                          Judge Donald F. Gaffney
25
26
27
28

                            - 1 -
                          COMPLAINT

**INTRODUCTION**

1. The United States Congress has recognized the need to protect the privacy of consumers and reduce public safety risks associated with receiving unwanted telemarketer and debt-collector calls. Receiving calls after a consumer has revoked consent undermines a consumer's right to privacy. As such, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, to protect consumers from abusive debt-collector practices.

2. The United States Congress has also found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4. Plaintiff MARK PROBASCO ("Plaintiff") through Plaintiff's attorneys, brings

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b).

1   this lawsuit to challenge the actions of Defendant CMRE Financial Services, Inc.
2   ("Defendant") with regard to attempts by Defendant, a debt collector, to
3   unlawfully and abusively collect a debt allegedly owed by Plaintiff by negligently,
4   knowingly and/or willfully transmitting unsolicited, automated voicemails using
5   an artificial and/or pre-recorded voice, to the cellular telephone of Plaintiff,
6   causing Plaintiff damages in violation of state and federal laws.

7   5.   Plaintiff makes these allegations on information and belief, with the exception of
8        those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which
9        Plaintiff alleges on personal knowledge.

10  6.   While many violations are described below with specificity, this Complaint
11       alleges violations of the statutes cited in their entirety.

12  7.   Unless otherwise stated, Plaintiff alleges that any violations by Defendant were
13       knowing and intentional, and that Defendant did not maintain procedures
14       reasonably adapted to avoid any such violation.

15  8.   Unless otherwise indicated, the use of any Defendant's name in this Complaint
16       includes all agents, employees, officers, members, directors, heirs, successors,
17       assigns, principals, trustees, sureties, subrogees, representatives, and insurers of
18       that Defendant named.

19                                    **NATURE OF THE ACTION**

20  9.   In 1991, Congress passed the TCPA in response to complaints about abusive
21       telemarketing and debt collection practices.

22  10.  In enacting the TCPA, Congress intended to give consumers a choice as to how
23       creditors and telemarketers may call them and made specific findings that
24       "[t]echnologies that might allow consumers to avoid receiving such calls are not
25       universally available, are costly, are unlikely to be enforced, or place an inordinate
26       burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end,
27       Congress found that:

28

[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12.

11. The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages. In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).The transmission of an unsolicited calls and voice messages to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

### JURISDICTION AND VENUE

12. This Court has jurisdiction over this action as the events leading to Plaintiff's cause of action occurred in Orange County and the State of California.

13. This action arises out of Defendant's violations of: (i) Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA"); (ii) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); and (iii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17, *et seq*. ("RFDCPA").

14. Because Defendant conducts business within the State of California and is headquartered in the County of Orange, State of California, personal jurisdiction is established.

15. Venue is proper in this Court because: (i) Defendant's headquarters are within the County of Orange; and (ii) some of the Defendant's actions giving rise to Plaintiff's harm occurred within the County of Orange

**PARTIES**

16. Plaintiff is a natural person who resides in the County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g).

17. Plaintiff is also a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

18. Plaintiff is informed and believes, and thereon alleges, that Defendant is a California corporation located in the State of California, with several other locations. Upon information and belief, Defendant's headquarters are located at: 075 East Imperial Highway, Ste 200, Brea, California 92821.

19. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692(a)(6).

20. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g).

21. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f). As well as arising out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California.

23. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California, including within the County of Orange.

24. Sometime prior to 2022, Plaintiff incurred financial obligations to Defendant that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d) and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

26. As a result of Plaintiff's alleged delinquency, Plaintiff has received pre-recorded telephonic communications from Defendant using an automated or pre-recorded voice attempting to collect Plaintiff's alleged debt.

27. These telephonic communications constitute "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

28. On or around April 27, 2022, Plaintiff informed Defendant via facsimile that Plaintiff did not wish to be contacted by telephone regarding his account with Defendant or any other account owned or serviced by Defendant. Plaintiff requested that Defendant contacted him in writing only moving forward.

29. Plaintiff's cease and detest letter (dated April 27, 2022) was received by Defendant on April 27, 2022, at 10:55 a.m. via facsimile.

30. Despite receiving Plaintiff's written request to stop contacting Plaintiff, Defendant has continued to contact Plaintiff regarding Plaintiff's alleged debt, including but not limited to telephonic communications throughout the month of April and May of 2022.

COMPLAINT

31. Specifically, Defendant called Plaintiff on his cellular telephone on the following days:
    - April 27, 2022 at 2:37 p.m.
    - May 6, 2022 at 12:38 p.m.

32. Such contact after a refusal to pay letter was received constitutes a violation of 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

33. Upon information and belief, the above-mentioned telephone calls to Plaintiff's cellular telephone were placed using an "artificial or prerecorded voice" as prohibited by 47 U.S.C § 227(b)(1)(A), to contact Plaintiff regarding Plaintiff's alleged debt owed to Defendant. Thus, the calls Defendant transmitted to Plaintiff's cellular telephone (attempting to collect a debt) were placed using an automated, artificial or prerecorded voice.

34. Due to the cadence and tone of the pre-recorded voice messages, Plaintiff was able to discern that there was not a live representative on the line and that Defendant was utilizing a pre-recorded message. *See, Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

35. It was evident to Plaintiff that the voice message he heard was pre-recorded because, *inter alia*: (a) the generic content of the voice message; and (c) the tone, cadence and inflection of the voice message, which sounded to the Plaintiff's ears like a pre-recorded message, rather than a personal voice message that was placed personally for the Plaintiff by a live individual on the line.

36. Plaintiff has previously received both pre-recorded voice messages and regular non-prerecorded voice messages, and Plaintiff can differentiate the characteristics

1    and sounds of a pre-recorded voice message in contrast to an ordinary voice

2    message.

3  37. For example, on or about may 6, 2022, Defendant left Plaintiff a voicemail that

4    stated (in part):

> This message is for Mark L. Probasco regarding an important
> business matter. This is CMRE Financial Services. If you are
> Mark L. Probasco, please continue to listen to this message.
> If you are not, please discontinuing to listening to this
> message or disconnect now. By continuing to listen to this
> message you are verifying you are Mark L. Probasco. . .

10  38. When listening to the voicemails left by Defendant, Plaintiff heard a computerized

11    voice and/ or pre-recorded voice on the message.

12  39. For instance, each time Plaintiff's name was said in the voice message the tone

13    and cadence of the voice changed (as if Plaintiff's name was inserted into a pre-

14    recorded script), which to Plaintiff made it obvious that the voicemail was not left

15    by a live agent but rather was a computerized, pre-recorded voice.

16  40. Based on the Plaintiff's own personal experience, the voice message received from

17    Defendant clearly sounded like a pre-recorded voice message.

18  41. Defendant or its agent(s) were engaging in debt collection each time they called

19    Plaintiff's cellular telephone in an attempt to collect the alleged debt.

20  42. Despite Plaintiff's clear request to Defendant to cease contact with Plaintiff via

21    telephone, Defendant called Plaintiff multiple times on his cellular telephone

22    without his prior express consent, using an artificial and/ or prerecorded voice.

23  43. The numerous unwanted calls and voicemails from Defendant caused Plaintiff to

24    become annoyed, frustrated, and caused Plaintiff emotional distress. Defendant's

25    calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing

26    her to be interrupted by frequent unwanted calls during April and May of 2022.

27  44. Plaintiff is informed and believes and here upon alleges, that these calls were made

28    by Defendant or Defendant's agent, with Defendant's permission, knowledge,

control and for Defendant's benefit.

45. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

46. Defendant's calls forced Plaintiff to live without the utility of his cellular phone by occupying her telephone with numerous unwanted calls, causing nuisance and lost time.

47. The telephone number Defendant or its agent called is assigned to a cellular telephone service for which Plaintiff incurs a charge for a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

48. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i), as the express purpose of the calls were to collect a debt.

49. After Plaintiff's written communication directing Defendant to cease communication with Plaintiff was received by Defendant, Plaintiff properly revoked consent to receive calls from Defendant.

50. Defendant's calls to Plaintiff cellular telephone number were unconsented to by Plaintiff and were placed after Plaintiff had properly revoked consent via his April 27, 2022 letter to Defendant.  Therefore, Defendant did not have "prior express consent" to call Plaintiff by means of an artificial or pre-recorded voice as prohibited by 47 U.S.C § 227(b)(1)(A).

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ. (TCPA)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The forgoing acts and omissions of Defendant constitute numerous and multiple

negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

53. Defendant's repeated transmission of automated calls using an artificial and/or prerecorded voice to Plaintiff's cellular phone, without prior express consent resulted in numerous violations of the TCPA.

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff is entitled to, and does seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff is also entitled to, and do seek, an award of $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II
### WILLFUL/KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.* (TCPA)

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

58. Defendant's repeated transmission of automated calls using an artificial and/or prerecorded voice to Plaintiff's cellular phone, without prior express consent resulted in numerous violations of the TCPA.

59. Defendant willfully and/or knowingly allowed calls to be placed to utilizing an artificial or pre-recorded voice. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express consent to contact Plaintiff, yet disregarded such information and placed illegal and unwanted solicitation calls.

60. Because Defendant knew or should have known that Plaintiff revoked any prior express consent to receive prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(b)(3) of the TCPA.

61. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff is entitled to, and does seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

62. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff is also entitled to, and do seek, an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

65. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions constitute numerous and multiple violations of

1    the RFDCPA.

2    68.   As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any

3          actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a

4          knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ.

5          Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ.

6          Code § 1788.30(c) from each Defendant individually.

7

8                               **PRAYER FOR RELIEF**

9    WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

10   •   An award of $500.00 in statutory damages to Plaintiff for each and every

11       negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47

12       U.S.C. § 227(b)(3)(B);

13   •   An award of $1,500.00 in statutory damages to Plaintiff for each and every

14       knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant,

15       pursuant to 47 U.S.C. § 227(b)(3)(B);

16   •   An order providing injunctive relief prohibiting such conduct in the future,

17       pursuant to 47 U.S.C. § 227(b)(3)(A);

18   •   An award of actual damages, in an amount to be determined at trial, pursuant

19       to 15 U.S.C. § 1692k(a)(1), against Defendant individually;

20   •   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

21       1692k(a)(2)(A), against each named Defendant individually;

22   •   An award of actual damages, in an amount to be determined at trial, pursuant

23       to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

24   •   An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code §

25       1788.30(b), against each named Defendant individually;

26   •   An award of costs of litigation and reasonable attorney's fees, pursuant to

27       Cal. Civ. Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), against each

28       named Defendant individually;

1        • Any and all other relief that this Court deems just and proper.

2                              **TRIAL BY JURY**

3    69.  Pursuant to the seventh amendment to the Constitution of the United States of

4         America, Plaintiff is entitled to, and demands, a trial by jury.

5

6    Dated: June 22, 2022                         Respectfully submitted,

7                                              **KAZEROUNI LAW GROUP, APC**

8                                          By:  *Pamela E. Prescott*

9                                              DAVID J. MCGLOTHLIN, ESQ.
                                               PAMELA E. PRESCOTT, ESQ.
10                                             ATTORNEY FOR PLAINTIFF

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -
COMPLAINT

Electronically Filed by Superior Court of California, County of Orange, 06/22/2022 10:56:42 AM.
30-2022-01266224-CU-NP-NJC - ROA #3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Pamela E. Prescott, Esq. (328243); David J. McGlothlin, Esq. (253265)
Kazerouni Law Group, APC
245 Fischer Avenue, Suite D1, Costa Mesa, CA 92626
TELEPHONE NO.: 800-400-6808    FAX NO. (Optional): 800-520-5523
ATTORNEY FOR (Name): Plaintiff Mark Probasco

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: Orange County Superior Court
MAILING ADDRESS: North Justice Center
CITY AND ZIP CODE: 1275 North Berkeley Avenue
BRANCH NAME: Fullerton, CA 92832

CASE NAME:
Mark Probasco v. CMRE Financial Services

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✔] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2022-01266224-CU-NP-NJC |
| | | JUDGE: Judge Donald F. Gaffney |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✔] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✔] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✔] monetary b. [✔] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✔] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 6/22/2022

Pamela E. Prescott, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  1275 N. Berkeley Ave<br>MAILING ADDRESS: 1275 N. Berkeley Ave<br>CITY AND ZIP CODE: Fullerton  92838<br>BRANCH NAME:  North Justice Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLANTIFF: Mark Probasco | |
| DEFENDANT: CMRE Financial Services, Inc. | **Jun 23, 2022** |
| Short Title: PROBASCO VS. CMRE FINANCIAL SERVICES, INC. | Clerk of the Court<br>By: Katie Trent, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01266224-CU-NP-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>11/29/2022</u> at  <u>09:00:00 AM</u> in Department <u>N16</u> of this court, located at <u>North Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _Katie Trent_____ , Deputy

**NOTICE OF HEARING** Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

North Justice Center
1275 N. Berkeley Ave
Fullerton  92838

**SHORT TITLE:** PROBASCO VS. CMRE FINANCIAL SERVICES, INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2022-01266224-CU-NP-CJC** |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Fullerton , California, on 06/23/2022. Following standard court practice the mailing will occur at Sacramento, California on 06/24/2022.

Clerk of the Court, by: _Katie Trent_ _____, Deputy

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE # D1
COSTA MESA, CA 92626

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

Code of Civil Procedure , § CCP1013(a)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any   court   staff responsible for providing parties with assistance regarding  ADR.

(3) Information about the availability of local dispute resolution  programs  funded under the Dispute Resolutions Program Act  (DRPA),  in  counties  that  are participating in the DRPA. This information may take the form of a list of  the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:<br>TELEPHONE NO.:          STATE:<br>E-MAIL ADDRESS:          FAX NO.:          ZIP CODE:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
  ☐ Under section 1141.11 of the Code of Civil Procedure
  ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____        _____        _____
                             (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____        _____        _____
                             (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

Approved for Optional Use
L1270 (Rev. March 2019)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

California Rules of Court, rule 3.221

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>NAME:  STATE BAR NO.:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:<br>TELEPHONE NO.:  STATE:  ZIP CODE:<br>E-MAIL ADDRESS:  FAX NO.:<br>ATTORNEY FOR *(name)*: | *FOR COURT USE ONLY*<br><br>**For your protection and privacy, please press the Clear This Form button after you are done printing this form.** |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
       ☐ Under section 1141.11 of the Code of Civil Procedure
       ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____

    _____    _____
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____

    _____    _____
    (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

Approved for Optional Use
L1270 (Rev. March 2019)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

California Rules of Court, rule 3.221

For your protection and privacy, please press the Clear This Form button after you are done printing this form.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2022, a true and accurate copy of the foregoing NOTICE OF REMOVAL was served via mail on the following person:

David McGlothlin
Pamela E. Prescott
Kazerouni Law Group, APC
245 Fischer Ave, Unit D1
Costa Mesa, CA 92626
Tel: (800) 400-6808
Fax: (800) 520-5523
Attorneys for Plaintiff

### CARLSON & MESSER LLP

/s/ David J. Kaminski
David J. Kaminski

{00172263;1}

3

NOTICE OF REMOVAL